UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUSTIN L. LETZELTER,

        Plaintiff,

    v.

ANTHONY J. ANNUCCI, *et al.*,

        Defendants.

_____

20-CV-630-LJV
DECISION & ORDER

## <u>INTRODUCTION</u>

On May 28, 2020, the *pro se* plaintiff, Justin L. Letzelter, commenced this action under 42 U.S.C. § 1983. Docket Item 1. Letzelter specifically alleges that while he was confined at the Rochester Correctional Facility, the defendants violated his due process rights by removing him from the Temporary Release Program without notice or a hearing and despite a negative urinalysis result. *Id.* at 11. He seeks compensatory and punitive damages as well as attorney's fees. *Id.* at 1, 12.

Letzelter sued all defendants in their individual and official capacities. *Id.* at 3-4. On December 9, 2020, the defendants moved to dismiss only Letzelter's official-capacity claims. Docket Item 12. On December 28, 2020, Letzelter responded, Docket Item 14; and on January 8, 2021, the defendants replied, Docket Item 15. For the

reasons stated below, the defendants' partial motion to dismiss is granted, and

Letzelter's official-capacity claims for money damages are dismissed.[1]

## DISCUSSION

"The Eleventh Amendment precludes suits against states unless the state

expressly waives its immunity or Congress abrogates that immunity."  *Li v. Lorenzo*, 712

F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State

Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)).  Under section 1983, a

claim for money damages against a state official in his or her official capacity "is in

effect a claim against the governmental entity itself."  *Lore v. City of Syracuse*, 670 F.3d

127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691

(1978)).  Because "New York has not waived its immunity, nor has Congress abrogated

it," *Li*, 712 F. App'x at 22 (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d

35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)),

the Eleventh Amendment bars official-capacity suits for money damages against New

York State and its officials in their official capacity, *see Kentucky v. Graham*, 473 U.S.

159, 169 (1985).

Letzelter has sued each of the defendants for money damages in both their

official and individual capacities.  *See* Docket Item 1 at 3-4.  For the reasons just stated,

his official-capacity claims for money damages are barred by the Eleventh Amendment

---

[1] This Court assumes familiarity with the underlying facts, the procedural history, and this Court's prior order, Docket Item 3, and will refer only to the facts necessary to explain its decision.

and therefore are dismissed.[2]  All other claims are not dismissed, however, and the defendants shall answer those claims.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Letzelter's claims for money damages against the defendants in their official capacities are dismissed; and it is further

ORDERED that all other claims, including Letzelter's claims against the defendants in their individual capacities, may proceed; and it is further

ORDERED that within 21 days of the date of this order, the defendants shall answer the remaining claims in the complaint; and it is further

ORDERED that Letzelter shall notify the Court in writing if his address changes. The Court may dismiss the action if Letzelter fails to do so.

---

[2] Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  But leave to amend pleadings may be denied when any amendment would be "futile."  *Id.*  Because sovereign immunity bars Letzelter's official-capacity claims for money damages, those claims are dismissed without leave to amend because any amendment would be "futile."  *See id.*

SO ORDERED.

Dated:   February 16, 2021
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE