UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN L. LETZELTER,

       Plaintiff,

       v.

ANTHONY J. ANNUCCI, *et al.*,

       Defendants.

20-CV-630-LJV
DECISION & ORDER

---

On May 28, 2020, the *pro se* plaintiff, Justin L. Letzelter, commenced this action under 42 U.S.C. § 1983, alleging that the defendants violated his procedural due process rights.[1]  Docket Item 1.  Letzelter sued all defendants for money damages in their individual and official capacities.  *Id.* at 3-4.  On December 9, 2020, the defendants—except Kishon Walker, who had not yet been served—moved to dismiss Letzelter's official-capacity claims.  Docket Item 12.  This Court granted that motion on February 16, 2021.  Docket Item 16.  On May 18, 2021, Walker moved to dismiss the official-capacity claim against him.  Docket Item 21.  Letzelter has not responded to that motion, and the time to do so has expired.  *See* Docket Item 22.

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity."  *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State*

---

[1] This Court assumes familiarity with the underlying facts, the procedural history, and this Court's prior order, Docket Item 3, and will refer only to the facts necessary to explain its decision.

*Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)). A claim for money damages under section 1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Because "New York has not waived its immunity, nor has Congress abrogated it" in section 1983 cases, *Li*, 712 F. App'x at 22 (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars section 1983 suits for money damages against New York State and its officials in their official capacity, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

For those reasons, Letzelter's official-capacity claim is barred by the Eleventh Amendment. Therefore, Walker's partial motion to dismiss, Docket Item 21, is granted, and the claim for money damages against Walker in Walker's official capacity is dismissed.[2]

---

[2] Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But leave to amend pleadings may be denied when any amendment would be "futile." *Id.* Because sovereign immunity bars Letzelter's official-capacity claim for money damages, that claim is dismissed without leave to amend because any amendment would be "futile." *See id.*

SO ORDERED.

Dated: July 9, 2021
        Buffalo, New York

                                                 */s/ Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE